IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARK GREENBERG,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| **CITIBANK, N.A.,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, MARK GREENBERG, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against Defendant, CITIBANK, N.A., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. MARK GREENBERG, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. CITIBANK, N.A., (hereinafter, "Defendant") is a business entity that regularly conducts business throughout the State of Illinois. Defendant is incorporated in the State of Maryland.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3) and 15 U.S.C. §1681a(c).

7. At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

### IV. ALLEGATIONS

9. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

10. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

11. The inaccurate information of which Plaintiff complains is an account, or trade-line, named Citibank NA #4271382558935330.

12. Specifically, Plaintiff asserts that the aforementioned account was neither charged off nor discharged in bankruptcy.

13. Plaintiff asserts the aforementioned account has been paid in full and was an account in good standing.

14. Despite the foregoing, Defendant has disseminated credit reports and/or information that the account was discharged in a bankruptcy proceeding.

15. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

16. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

17. In or around September 2009, the aforementioned account was reported as if it was charged off.

18. On or about September 11, 2010, Plaintiff sent a correspondence to Defendant disputing that the account was charged off.

19. In the aforementioned correspondence, Plaintiff informed Defendant that the account had been paid in full.

20. Plaintiff enclosed documentation in the aforementioned correspondence to support his contention that the account had been paid in full.

21. On or about September 16, 2010, Mr. R.M. Pick, a duly authorized representative of Defendant sent a correspondence to Plaintiff.

22. The aforementioned correspondence stated "We [Defendant] have requested the consumer reporting agencies update your account to report as bankrupt."

23. Plaintiff's account was never discharged in bankruptcy nor had Plaintiff requested that his account be reflected as such.

24. On September 21, 2009, Plaintiff sent a correspondence to Mr. Pick.

25. In the aforementioned correspondence, Plaintiff informed Defendant that the account was never discharged in bankruptcy.

26. In the aforesaid correspondence, Plaintiff reiterated to Defendant that the account had been paid in full.

27. Subsequent to September 2009, Defendant reported to the CRA(s) that Plaintiff's account was discharged in bankruptcy.

28. The aforementioned representation that Plaintiff's account was discharged in bankruptcy was inaccurate.

29. On September 28, 2010, Plaintiff, disputed the inaccurate information with the CRA(s), Experian, Equifax and Trans Union, by written communications to their representatives and by following the aforementioned reporting agencies' established procedures for disputing consumer credit information.

30. Furthermore, Plaintiff enclosed with his written disputes to the aforementioned reporting agencies documents and other information that either proved that the disputed information contained within his credit report was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

31. Upon information and belief, within five (5) days of Plaintiff notifying the aforementioned credit reporting agencies, said agencies notified Defendant of Plaintiff's dispute and the nature of the dispute.

32. Defendant then and there owed to Plaintiff a duty to assist the credit reporting agencies in a re-investigation into the disputed facts that are being reported about Plaintiff.

33. Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

34. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

35. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   c. Denial of credit, loans, financing, re-financing and/or other damages, not yet known by Plaintiff; and,

   d. Decreased credit score which may result in inability to obtain credit on future attempts.

36. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

37. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

38. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

   c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

   e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

   f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

39. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## V. JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARK GREENBERG, by and through his attorneys, respectfully prays for judgment in his favor and against CITIBANK, N.A. as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages;

  c. Plaintiff's attorneys' fees and costs;

  d. Punitive damages; and,

  e. Such other and further relief as may be necessary, just and proper.

           Respectfully submitted,
           **MARK GREENBERG**

           **By:**  s/ David M. Marco
              Attorney for Plaintiff

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028
Facsimile: (888) 418-1277
E-Mail:  dmarco@smithlaw.us